UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MEGAN L. MARSHALL,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-190

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 7. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 8), Plaintiff's reply (doc. 9), the administrative record (doc. 6),[2] and the record as a whole.

## I.

### A. Procedural History

Plaintiff filed for DIB and SSI alleging a disability onset date of February 28, 2012. PageID 124. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, fibromyalgia, anxiety, depression, and chronic pain. PageID 124.

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Elizabeth Motta on August 18, 2014. PageID 96, 115. The ALJ issued a written decision on December 13, 2014 finding Plaintiff not disabled. PageID 115. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 114.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 48. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.   **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 96-115), Plaintiff's Statement of Errors (doc. 7) and the Commissioner's memorandum in opposition (doc. 8). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

A.   **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-

---

[3] "Medium work" involves the occasional lifting of 50 pounds at a time, and frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567. Medium work can require standing and walking as much as six hours during any given eight-hour workday. *Id*. It may also involve frequent stooping, grasping, holding, and turning objects. *Id*. "The functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a).

46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred in weighing the mental health opinions of record -- namely, the opinions of treating psychiatrist Ellen Ballerene, M.D., examining psychologist Donald Kramer, Ph.D.; examining psychologist Mary Ann Jones, Ph.D.; and record reviewers Bruce Goldsmith, Ph.D. and Mel Zwissler, Ph.D. Doc. 7 at PageID 1377.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical

evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

5

individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Dr. Ballerene treated Plaintiff monthly beginning in March 2013. PageID 1130. In May 2014, Dr. Ballerene completed a mental impairment questionnaire and interrogatories and concluded therein that Plaintiff had numerous "marked"[5] functional limitations resulting from her mental impairments. PageID 1132. Specifically, Dr. Ballerene found Plaintiff markedly limited in her ability to maintain social functioning, understand and remember detailed instructions, maintain attention and concentration for extended periods, make simple work-related decisions, and interact appropriately with the general public. *Id*. Dr. Ballerene also concluded that, as a result of her mental impairments, Plaintiff could not maintain concentration and attention for two hour segments and would likely miss more than three days of work each month. *Id.*; *see also* PageID 1139.

Examining psychologist Dr. Jones gave a similar opinion to that of Dr. Ballerene. PageID 516-23. During her examination, Plaintiff appeared "highly anxious" and "rocked back and forth throughout the interview process." PageID 518. In addition to appearing highly anxious, Dr. Jones characterized Plaintiff's demeanor as "resigned and dysphoric[.]" PageID 519. Dr. Jones also noted that Plaintiff appeared "restless and maintained limited eye contact[,]" seemed "preoccupied with her own symptomatology[,]'" displayed "a degree of confusion[,]" presented "as distracted to vague with regard to her degree of consciousness[,]" appeared "marginally oriented to person, place, time and circumstance[,]" and had "fair to inconsistent" contact with reality. *Id*.

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

Based upon her observations and interview of Plaintiff, Dr. Jones concluded that she had "minimal information, judgment, and common sense reasoning ability to live independently, to make important decisions about her future, and to manage her own funds." PageID 520. Dr. Jones also opined that Plaintiff "would have considerable difficulty understanding, remembering, and carrying out instructions in a work setting[,]" and that "her overall psychological condition and cognitive limitations would negatively impact her ability" to maintain attention, concentration, persistence and pace while performing simple tasks. PageID 532-33. In addition, Dr. Jones concluded that Plaintiff would have problems responding appropriately to supervisors and co-workers, and would have trouble responding appropriately to work pressures. *Id*.

While the ALJ rejected the opinions of Drs. Ballerene and Jones, she assigned "significant weight" to the opinion of Dr. Kramer. PageID 112. Interestingly, however, Dr. Kramer's opinion concerning Plaintiff's functional abilities appears consistent with the rejected opinions of Drs. Ballerene and Jones. *See* PageID 429-33, 516-23, 1130-39. Notably, during his examination of Plaintiff, Dr. Kramer found that Plaintiff performed poorly on a mental status examination; appeared anxious, sad, tense, nervous, and ill-at-ease; and displayed "extremely poor" short-term memory, as well as weak judgment and insight. PageID 429-30. Overall, with regard to functional abilities, Dr. Kramer concluded -- as did Drs. Ballerene and Jones -- that Plaintiff appeared "significantly limited" in her ability to understand, remember, and carry out instructions; displayed a poor ability with regard to persistence and pace as evidenced by her weak attention span and short-term memory; and was "at least" moderately limited in her ability to respond appropriately to pressures in a work setting. PageID 432-33. The undersigned is unable to reconcile the ALJ's decision to afford Dr. Kramer's opinion "significant weight" while rejecting the consistent and similar opinions of Drs. Ballerene and Jones.

In addition to the aforementioned opinions, the record contains opinions from reviewers Bruce Goldsmith, Ph.D. and Mel Zwissler, Ph.D. PageID 134-35, 162-64. Both record reviewers found -- in August and December 2012, respectively -- that Plaintiff is no more than moderately limited with regard to her mental functioning and concluded that she was able to perform limited routine tasks. *Id*. The ALJ gave the opinions of record reviewers Goldsmith and Zwissler "significant weight" because their opinions are purportedly "well supported by the evidence of record[.]" PageID 111.

The Court finds error in the ALJ's conclusory assessment of the opinions offered by record reviewers Goldsmith and Zwissler. *Id*. In concluding that these opinions are "well supported by the evidence of record[,]" the ALJ fails to cite any specific evidence in support of her conclusion. *Id*. Such opinions are certainly not supported by the opinions Drs. Ballerene, Kramer, or Jones, *i.e.*, the only mental health medical sources who actually examined Plaintiff in this case. *See supra*. Absent further explanation by the ALJ, her conclusion regarding the record reviewers' opinions is unsupported by substantial evidence and reversal on such basis is warranted.

Finding error as noted above, the undersigned does not reach the merits of Plaintiff's arguments concerning the ALJ's assessment of opinions from Drs. Ballerene, Jones and Kramer other than to note that, on remand, the ALJ should assess these opinions anew in light of the fact that these three mental health specialists -- all of whom are the only acceptable medical sources who actually examined Plaintiff -- all reached similar conclusions. PageID 429-33, 516-23.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the

8

Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming and a remand for further proceedings is necessary.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   September 29, 2017                               s/ Michael J. Newman
                                                        Michael J. Newman
                                                        United States Magistrate Judge